#29075-r-SRJ
**2020 S.D. 13**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

CHRISTINA LAPLANTE,                                  Claimant and Appellant,

      v.

GGNSC MADISON, SOUTH DAKOTA,
LLC d/b/a GOLDEN LIVING CENTER –
MADISON and INSURANCE COMPANY
OF THE STATE OF PENNSYLVANIA,                        Employer, Insurer and
                                                     Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
LAKE COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE PATRICK T. PARDY
Judge

* * * *

A. RUSSELL JANKLOW
JAMI J. BISHOP of
Johnson, Janklow, Abdallah,
   & Reiter, LLP
Sioux Falls, South Dakota          Attorneys for claimant and
                                   appellant.


JUSTIN T. CLARKE
REECE M. ALMOND of
Davenport, Evans, Hurwitz
   & Smith, LLP
Sioux Falls, South Dakota          Attorneys for employer, insurer,
                                   and appellees.

* * * *

CONSIDERED ON BRIEFS
FEBRUARY 11, 2020
OPINION FILED **03/18/20**

#29075

JENSEN, Justice

[¶1.]        Christina LaPlante was injured while working as a certified nursing

assistant at GGNSC Madison, South Dakota LLC d/b/a Golden Living Center –

Madison (GGNSC).  LaPlante filed a petition with the South Dakota Department of

Labor (Department) seeking workers' compensation benefits on October 29, 2015.

On April 3, 2018, GGNSC and Insurance Company of the State of Pennsylvania

(Employer/Insurer) filed a motion to dismiss the petition for lack of prosecution

pursuant to ARSD 47:03:01:09.[1]  The Department granted the motion to dismiss

and LaPlante appealed to the circuit court.  The circuit court affirmed the dismissal.

LaPlante now appeals to this Court.[2]  We reverse.

## Background

[¶2.]        On August 9, 2012, LaPlante was injured when her right wrist was

lodged between a metal grab bar on the wall and the automatic lift she was using to

assist a resident at the GGNSC facility.  She reported the injury and received

periodic medical treatment to her right hand, thumb, and wrist.  In 2013, LaPlante

underwent surgery on her wrist.  LaPlante continued to seek medical treatment

following the surgery, and claimed she was unable to work due to her injury.

---

1.    ARSD 47:03:01:09 provides:

      With prior written notice to counsel of record, the division may, upon
      its own motion or the motion of a defending party, dismiss any petition
      for want of prosecution if there has been no activity for at least one
      year, unless good cause is shown to the contrary.  Dismissal under this
      section shall be with prejudice.

2.    LaPlante's appellate counsel did not represent her before the Department or
      the circuit court.

[¶3.]     Employer/Insurer eventually denied ongoing workers' compensation benefits to LaPlante.  LaPlante then filed a petition with the Department seeking disability benefits and medical expenses.  Employer/Insurer answered on November 19, 2015.  The parties exchanged written discovery in March 2016.  LaPlante's deposition was taken in July 2016.

[¶4.]     On August 26, 2016, LaPlante presented a settlement demand to Employer/Insurer.  The demand requested temporary total and permanent partial disability benefits, mileage reimbursement, unpaid medical expenses, and vocational rehabilitation benefits.  LaPlante also completed a functional capacity evaluation (FCE) that she forwarded to Employer/Insurer in September 2016 as a part of the settlement discussions.  Employer/Insurer submitted a counter-proposal for settlement to LaPlante in October 2016.  LaPlante did not respond to the counter-proposal.

[¶5.]     Instead, LaPlante applied for vocational rehabilitation assistance from the South Dakota Department of Human Services in December 2016 to assist in finding employment within her physical limitations identified in the FCE. LaPlante was accepted into a twelve-month vocational rehabilitation program in March 2017.  LaPlante also made several requests from January through April 3, 2017, to obtain medical records held by Human Services concerning her work injury and physical limitations.  She received a report of her Individualized Plan for Employment from Human Services on April 5, 2017.

[¶6.]     LaPlante did not inform Employer/Insurer that she was participating in the vocational rehabilitation program.  However, she did inform

Employer/Insurer on March 8, 2017, that she was having problems obtaining records from Human Services, and that she was scheduled to undergo an evaluation with Human Services. LaPlante continued to participate in the vocational rehabilitation program until she obtained employment and successfully completed the program in November 2017.[3]

[¶7.]          On September 22, 2017, counsel for Employer/Insurer sent a letter to counsel for LaPlante. The letter stated, "You need to get back to us with respect to the settlement offer made last fall. This claim has been lying dormant for more than a year, and either we need to get it settled, or get a scheduling order and complete discovery. May I hear from you?" Neither LaPlante nor her lawyer responded to the letter or communicated further with Employer/Insurer. On April 3, 2018, Employer/Insurer filed a motion to dismiss with the Department for lack of prosecution under ARSD 47:03:01:09. Employer/Insurer asserted in its affidavit and brief that there had been no activity for at least one year, and LaPlante had failed to show good cause for the delay. LaPlante submitted an affidavit and brief asserting her efforts to obtain records and her involvement in the vocational

---

3.      In an affidavit filed with the Department resisting the motion to dismiss, LaPlante stated that she completed the vocational rehabilitation program in September 2017. Based upon this affidavit, the Department found that LaPlante participated in the program from March to September 2017. On appeal to the circuit court, LaPlante submitted an application to submit additional evidence, along with an affidavit and documentation she received from Human Services after the hearing before the Department, showing that she had not completed the vocational rehabilitation program until November 2017. Based upon the supplemental record, the circuit court found that LaPlante participated in the vocational rehabilitation program from March to November 2017. Employer/Insurer has not challenged the circuit court's finding on appeal.

rehabilitation program constituted activity under ARSD 47:03:01:09, and in the alternative, asserted that these efforts established a good cause for delay. LaPlante requested the Department deny the motion to dismiss and enter a scheduling order.

[¶8.] On June 20, 2018, the Department entered a memorandum decision dismissing the petition under ARSD 47:03:01:09. The Department found that LaPlante had finished the vocational rehabilitation program less than one year before the motion to dismiss was filed. However, the Department concluded there had been no activity within the last year because "there has not been record activity and no effort was made to communicate with the Employer and Insurer." In discussing whether there was good cause for the delay, the Department agreed that "waiting on the results of the voc rehab program would be good cause for delay[,]" but found LaPlante's participation was not good cause because it was not communicated to Employer/Insurer.

[¶9.] On appeal, the circuit court entered a memorandum decision affirming the Department's decision. The court likewise concluded there had been no "record activity" before the Department for a period of at least one year before the motion was filed. The court also affirmed the Department's determination that LaPlante failed to show good cause for the absence of any activity.

[¶10.] LaPlante appeals, arguing that the Department and circuit court erred in determining there was no activity for a period of one year. She also argues that the Department and circuit court erred in concluding that her participation in the vocational rehabilitation program did not constitute good cause.

## Standard of Review

[¶11.]     This Court has not previously considered the dismissal of a workers' compensation petition by the Department under ARSD 47:03:01:09 or the appropriate standard of review for such a dismissal.  In considering the dismissal of a civil case for failure to prosecute under SDCL 15-11-11 or SDCL 15-6-41(b), we review the "circuit court's findings of fact under the clearly erroneous standard, while we apply the de novo standard when reviewing its conclusions of law." *Eischen v. Wayne Twp.*, 2008 S.D. 2, ¶ 10, 744 N.W.2d 788, 794.  We review the circuit court's ultimate decision to dismiss "a claim for failure to prosecute using the abuse of discretion standard." *Id.*

[¶12.]     Because the language of ARSD 47:03:01:09 also provides the Department with discretion to determine whether to dismiss a petition when there has been no activity for more than a year and no showing of good cause, we will likewise apply the abuse of discretion standard.  In workers' compensation cases, we review both findings of fact and conclusions of law de novo when the Department's findings are based solely on documentary evidence presented to the Department, as was the case here.  *Martz v. Hills Materials*, 2014 S.D. 83, ¶ 14, 857 N.W.2d 413, 417.

## Analysis & Decision

1.     *Whether the Department abused its discretion in dismissing LaPlante's workers' compensation petition for failure to prosecute under ARSD 47:03:01:09.*

[¶13.]     The Department may dismiss a workers' compensation petition under ARSD 47:03:01:09 when there has been "no activity for at least one year, unless

good cause is shown[.]" The Rule does not define the term "activity," which is the threshold basis for considering whether to dismiss a case for lack of prosecution. The Rule also does not define the term "good cause."

[¶14.] In the absence of a decision from this Court considering ARSD 47:03:01:09, both parties cite cases interpreting SDCL 15-11-11[4] and SDCL 15-6-41(b),[5] which address the dismissal of a civil case for failure to prosecute. A court may dismiss a civil case pursuant to SDCL 15-11-11 where the "record reflects that there has been no activity for one year." Under SDCL 15-11-11, "[a] plaintiff's failure to proceed with a case for a year or more clearly gives a defendant grounds to move for failure to prosecute." *White Eagle v. City of Fort Pierre*, 2002 S.D. 68, ¶ 10, 647 N.W.2d 716, 720. In contrast, SDCL 15-6-41(b) does not set a length of time

---

4. SDCL 15-11-11 provides:

> The court may dismiss any civil case for want of prosecution upon written notice to counsel of record where the record reflects that there has been no activity for one year, unless good cause is shown to the contrary. The term "record," for purposes of establishing "good" cause, shall include, but not by way of limitation, settlement negotiations between the parties or their counsel, formal or informal discovery proceedings, the exchange of any pleadings, and written evidence of agreements between the parties or counsel which justifiably result in delays in prosecution.

5. SDCL 15-6-41(b) provides:

> For failure of the plaintiff to prosecute or to comply with this chapter or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant . . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this section and any dismissal not provided for in § 15-6-41, other than a dismissal for lack of jurisdiction, or for failure to join a party under § 15-6-19, operates as an adjudication upon the merits.

that must pass without activity, but rather permits a defendant to move for dismissal when a plaintiff has failed to prosecute a case. In addressing SDCL 15-6-41(b), we have stated that "[n]o requisite period of inactivity is mandated by the statute." *Eischen*, 2008 S.D. 2, ¶ 12, 744 N.W.2d at 795.

[¶15.]     In considering motions to dismiss for failure to prosecute a civil case, this Court has stated that "[p]laintiffs bear the duty to advance their cases, while defendants need only meet plaintiffs' actions step by step." *Moore v. Michelin Tire Co., Inc.*, 1999 S.D. 152, ¶ 49, 603 N.W.2d 513, 526. We have explained that the purpose of the rule is to permit "trial courts [to] take an active role in monitoring their dockets." *Id.* However, "[t]he goal of the courts is justice—docket control and calendar clearance are secondary concerns." *Id.* In reviewing dismissals for lack of prosecution under SDCL 15-11-11 and SDCL 15-6-41(b), we have cautioned that "a dismissal of an action for failure to prosecute is an extreme remedy and should be used only when there is an unreasonable and unexplained delay." *Annett v. Am. Honda Motor Co., Inc.*, 1996 S.D. 58, ¶ 12, 548 N.W.2d 798, 802 (quoting *Dakota Cheese, Inc. v. Taylor,* 525 N.W.2d 713, 715-16 (S.D. 1995). "An unreasonable and unexplained delay has been defined as an omission to do something which the party might do and might reasonably be expected to do towards vindication or enforcement of his rights." *Id.*

[¶16.]     The Department's rule permitting the dismissal of a workers' compensation administrative proceeding for failure to prosecute under ARSD 47:03:01:09 most closely parallels the language of SDCL 15-11-11. The predicate to consider a dismissal under either rule requires the absence of activity for a period of

one year. SDCL 15-11-11 additionally provides that the court may enter a dismissal where the "record reflects" there has been no activity for one year. In contrast, there is nothing in ARSD 47:03:01:09 that requires the activity to be shown on the record.

[¶17.] One stark difference between ARSD 47:03:01:09 and SDCL 15-11-11 is the effect of the dismissal. ARSD 47:03:01:09 requires the dismissal to be entered with prejudice. In contrast, a dismissal under SDCL 15-11-11 does not operate as a dismissal with prejudice. *Rotenberger v. Burghduff*, 2007 S.D. 7, ¶ 16, 727 N.W.2d 291, 295. SDCL 15-11-11 "was meant to operate as a clerical tool, not a substantive dismissal." *Id.* SDCL 15-11-11 "was not meant to forever bar a case." *Id.* "A case should not be dismissed with prejudice merely because the statute allows a court to clear its docket after a quota of inactivity is met."[6] *Id.*

---

6.    Like SDCL 15-11-11, ARSD 47:03:01:09 is a docket management tool created by the Department to dismiss a case when there has been no activity for a period of at least one year. This Court's unwillingness to use such a rule to dispose of civil cases with prejudice raises questions regarding the Department's implementation of a similar rule requiring the dismissal to operate as an adjudication on the merits. Additionally, the Department's use of such a rule to mandatorily dismiss a workers' compensation petition with prejudice may stand in tension with the legislatively created procedures and remedies "to provide for employees who have lost their ability to earn because of an employment related accident, casualty, or disease." *Sopko v. C & R Transfer Co., Inc.*, 1998 S.D. 8, ¶ 8, 575 N.W.2d 225, 229.

We also note that while a dismissal with prejudice for failure to prosecute under SDCL 15-6-41(b) generally operates as a dismissal on the merits, the court always retains the discretion to decide, based upon the particular facts involved, whether a dismissal without prejudice is appropriate. No such discretion is afforded under ARSD 47:03:01:09. In other contexts, we have expressed the importance of a court's exercise of its discretion when considering whether to dismiss a case on the merits when a party has failed to comply with a procedural rule. "[C]ases should ordinarily be decided on

(continued . . .)

[¶18.] In considering SDCL 15-11-11 in civil cases, we have not confined the term "activity" to court filings or a particular communication between the parties. Instead, we have placed an affirmative duty on a plaintiff to engage in activity that moves the case forward. Consistent with the language of SDCL 15-11-11, we have always required that the activity must be shown on record before a dismissal is entered. *White Eagle*, 2002 S.D. 68, ¶ 6, 647 N.W.2d at 719. "Our focus has always been on whether *proof* of activity was presented. The activity alleged must be verifiable in the record before us, regardless of whether the activity was in the form of formal motions or informal discovery." *Id.* ¶ 8 (emphasis added). Therefore, even if the events occurring in a case are not simultaneously documented in the official case file, a record of the activity can be made after the fact in response to a motion to dismiss. In discussing a plaintiff's obligations under SDCL 15-11-11, we have stated a plaintiff has the "duty to carry [the] case forward and to ensure verifiable activity existed to keep the case afloat." *Id.* ¶ 11.

[¶19.] In *White Eagle*, the Court affirmed a dismissal for lack of activity under SDCL 15-11-11, despite plaintiff's claim that he had been engaged in making Freedom of Information Requests to gather additional facts concerning his lawsuit. Without determining whether such efforts constituted "activity", we stated, "[i]f these types of requests were being made by [plaintiff] within the year prior to the

_____

(. . . continued)
    their merits, and elementary fairness demands of courts a tolerant exercise of discretion in evaluating excusable neglect." *Upper Plains Contracting Inc. v. Pepsi Americas*, 2003 S.D. 3, ¶ 22, 656 N.W.2d 323, 330. Because of our disposition of this case, we leave for another day whether the mandatory dismissal with prejudice of a workers' compensation petition under ARSD 47:03:01:09 is proper.

motion to dismiss, he should have presented evidence to the court below demonstrating such activity. The record here fails to support such contentions." *Id.* ¶ 9, 647 N.W.2d at 720. *See also Annett*, 1996 S.D. 58, ¶ 19, 548 N.W.2d at 803 ("[T]he settled record in this case contains no proof of the discovery or settlement negotiations that [plaintiff] asserts."); *Holmoe v. Reuss*, 403 N.W.2d 30, 31 (S.D. 1987) (rejecting a claim of settlement negotiations and correspondence as activity because "there is no proof of this in the settled record and we refuse to consider it.").

[¶20.] Here, the Department found LaPlante participated in the vocational rehabilitation program within less than a year before the motion to dismiss was filed, but concluded there was no activity for at least a year because:

> Claimant has not responded to Employer and Insurer's October 2016 settlement offer. There has been no formal or informal settlement negotiations, discovery, nor exchange of pleadings in the past year. Claimant finished the voc rehab program in September 2017, but no communication was made to Employer and Insurer. There has not been record activity and no effort was made to communicate with Employer and Insurer within the last year.

[¶21.] The circuit court also found that LaPlante participated in the vocational rehabilitation program within one year of the filing of the motion to dismiss. However, the court concluded LaPlante's completion of the program was not "activity" under ARSD 47:03:01:09 because "[LaPlante's] last correspondence to [Employer/Insurer] as reflected in the administrative record occurred on March 6, 2017. The only other communication during the relevant time period was sent by [Employer/Insurer] on September 22, 2017, to which [LaPlante] did not respond."

[¶22.] The Department and the circuit court read the term "activity" too narrowly. ARSD 47:03:01:09 does not define activity, nor does the Rule include

language requiring "record activity," as is the case under SDCL 15-11-11. Further, workers' compensation administrative rules, like the statutes that the rules implement, are to be construed liberally in favor of the claimant. *See, e.g. Sopko*, 1998 S.D. 8, ¶ 8, 575 N.W.2d at 229 ("[W]orkers' compensation statutes should be construed liberally in favor of injured employees."); *Welch v. Auto. Co.*, 528 N.W.2d 406, 409 (S.D. 1995). Liberally construing ARSD 47:03:01:09, a claimant's involvement in a vocational rehabilitation program designed to address the claimant's employability, within the physical limitations of her work-related injury, easily falls within the meaning of "activity". *Blue v. Malone & Hyde*, 575 So. 2d 292, 293 (Fla. Dist. Ct. App. 1991) (concluding that the meaning of the term "activity" within a similar workers' compensation administrative rule "contemplates record and nonrecord activity[.]"). The participation in a vocational rehabilitation program may impact the value of the claim for workers' compensation benefits for settlement purposes or for hearing before the Department.[7]

[¶23.]     LaPlante was engaged in a vocational rehabilitation program less than five months before the motion to dismiss was filed and she provided verification of this activity to the Department in response to the motion. LaPlante explained in her affidavit to the Department that her "goals for working through this program

---

7.     LaPlante's ability to return to work was significant in determining the compensability of her injury. LaPlante may have also been entitled to additional benefits while she was engaged in the vocational rehabilitation program. SDCL 62-4-5.1 provides that "once such an employee is engaged in a program of rehabilitation which is reasonably necessary to restore the employee to suitable, substantial and gainful employment, the employee shall receive compensation at the rate provided" by SDCL 62-4-3.

were to obtain employment that would specifically follow my physical limitations and work restrictions and would allow me to have permanent employment." Further, she stated in her affidavit that she engaged in settlement negotiations with Employer/Insurer before entering the program, and the program "allowed me to return to work and has positively impacted my need for disability benefits as a part of my claim for workers' compensation benefits." Employer/Insurer did not challenge these facts, nor do they challenge her claim that her participation in the vocational rehabilitation program directly impacted the value of her workers' compensation claim for settlement or trial purposes before the Department.

[¶24.]     The Department and the circuit court erroneously focused on the lack of communication by LaPlante with Employer/Insurer in determining whether any activity occurred within one year.[8]  Once LaPlante established she was engaged in a vocational rehabilitation program, her lack of communication was not relevant to the threshold question of whether she was engaged in "activity" within the meaning of ARSD 47:03:01:09.  Employer/Insurer has not cited any authority supporting its claim that "activity" under ARSD 47:03:01:09 must involve actual proceedings in the case, or communication between the parties.

[¶25.]     We conclude the Department abused its discretion in dismissing the appeal because its decision was based upon the erroneous conclusion that LaPlante's participation in the vocational rehabilitation program was not "activity"

---

8.     LaPlante should have communicated this activity to Employer/Insurer.  She may very well have avoided two years of litigation involving this motion to dismiss by simply responding to Employer/Insurer's request for an update on her case.

under ARSD 47:03:01:09. Due to our determination that LaPlante engaged in activity within a year before the motion to dismiss was filed, it is unnecessary to consider the question of good cause.

[¶26.] We reverse the dismissal and remand to the Department to reinstate LaPlante's petition for workers' compensation benefits.

[¶27.] GILBERTSON, Chief Justice, and KERN, DEVANEY, Justices, concur.

[¶28.] SALTER, Justice, deeming himself disqualified, did not participate.