#29386-a-SPM
**2021 S.D. 48**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

WILLIAM MAY,                                    Claimant and Appellant,

    v.

SPEARFISH PELLET CO., LLC,                      Employer and Appellee,

    and

WESTERN NATIONAL MUTUAL
INSURANCE CO.,                                  Insurer and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE CHRISTINA L. KLINGER
Judge

* * * *

MICHAEL J. SIMPSON of
Julius & Simpson, LLP
Rapid City, South Dakota                        Attorneys for claimant and
                                                appellant.


KRISTI GEISLER HOLM
MICHAEL L. SNYDER of
Davenport, Evans, Hurwitz & Smith, LLP
Sioux Falls, South Dakota                       Attorneys for employer, insurer,
                                                and appellees.

* * * *

CONSIDERED ON BRIEFS
MARCH 22, 2021
OPINION FILED **08/18/21**

#29386

MYREN, Justice

[¶1.] William May (May) injured his left shoulder at work in 2009, and in 2010, he injured his right shoulder at work. Western National Insurance, the workers' compensation insurer for his employers (Insurer), treated May's injuries as compensable and paid workers' compensation benefits until 2014. In 2014, May sent a letter to Insurer seeking a review of his workers' compensation benefits. May sent a copy of this letter to the Department of Labor and Regulation (the Department). Neither Insurer nor the Department treated the letter as a petition for hearing with the Department. In 2018, May requested that the Department determine that the letter constituted a petition for hearing. The Department determined that the letter was not a petition for hearing because it did not contain the information required by ARSD 47:03:01:02. The circuit court affirmed the Department's decision. May appeals, arguing ARSD 47:03:01:02 does not require a petition for hearing to include all the information listed in the rule and claims his letter was a valid petition for hearing. We affirm.

### Facts and Procedural History

[¶2.] While working at Spearfish Forest Products on February 10, 2009, William May injured his left shoulder while placing tire chains on a vehicle. May notified Spearfish Forest Products of the injury on February 12, 2009. Spearfish Forest Products' workers' compensation insurer, Western National Insurance Company, treated the injury as compensable and paid for two surgeries to May's left shoulder. On May 3, 2010, while working at Spearfish Pellet Company, May slipped, fell, and injured his right shoulder. May informed Spearfish Pellet of the

-1-

injury on May 4, 2010. Spearfish Pellet's workers' compensation insurer, also Western National Insurance Company, treated the injury as compensable and paid for surgery to May's right shoulder. May's physician assigned May a fifteen percent impairment rating for his left shoulder and an eleven percent impairment rating for his right shoulder. After 2013, Insurer stopped paying May disability benefits. Insurer continued to pay for May's medical expenses.

[¶3.] Around December 2013, May sent a letter to Gay Buchholz (Buchholz), Insurer's claim adjuster, seeking review of his workers' compensation benefits. May sent a copy of his letter to the Department, which the Department received on December 2, 2013. On January 24, 2014, Buchholz sent May a response letter. She informed May that Insurer had discontinued his disability payments because Spearfish Pellet had offered him work within his restrictions, and he had declined the position due to reasons unrelated to his shoulder injuries. She further noted that documentation did not support a conclusion that his shoulder injuries caused his claimed ailments.[1] Buchholz's letter noted that May had "2 years to file a petition" with the Department if he disagreed with the Insurer's determination. Buchholz sent a copy of this letter to the Department.

[¶4.] In response to Insurer's letter, May sent a second letter to Buchholz in February 2014 (February 2014 letter), which mirrored his December 2013 letter. He again sent a copy of the letter to the Department, which the Department

---

1. The ailments Buchholz alleges May discussed in his letter were ischemic heart disease, chronic heart disease, disorder of muscle ligament or facia, and a lung infection.

received on February 24, 2014.[2] The letter included May's name and Insurer's name. It also included the name of Neiman Enterprises, Inc. when listing the contact information for the company's human resource manager.[3] May started the letter by stating that he was "requesting a review of [his] workers compensation settlement." He continued to contest Insurer's justification for discontinuing his temporary disability payments and specifically disputed whether the human resource manager at Neiman Enterprises offered him work and whether he declined to accept it. After discussing his heart issues, May then explained that he "injured [his] left shoulder [when he] was wrestling a set of double tire chains" and noted that the incident occurred "around 7:30 am[.]" He then resumed his discussion of his heart problems, discussed other injuries, and extolled his work ethic. May then briefly discussed the five surgeries he received on his shoulders. He detailed his ongoing health issues and attributed these issues to complications from his shoulder surgeries. May noted that he told Neiman Enterprises' human resource manager that he was asking for "a review[.]" May concluded his letter by stating that he was unable to secure employment and asked, "Western National Insurance, but also the State of South Dakota Labor Board to review [his] workers compensation claim" and reinstate his bimonthly settlement. Neither Insurer nor the Department treated May's letter as a petition for hearing.

---

2. Spearfish Pellet and Insurer contend that May never "filed" the letter with the Department. However, the Department acknowledged that it received both letters, and the Department marked both letters with a stamp stating, "RECEIVED."

3. May alleges that Neiman Enterprises, Inc. is the parent company of Spearfish Pellet Company and Spearfish Forest Products.

[¶5.]    In April 2015, May retained counsel.  In March 2017, May's counsel wrote to Buchholz contending that the February 2014 letter constituted a petition for hearing and requested that the case move forward.  Buchholz responded that Insurer's January 2014 letter informed May that he had two years to file a petition for a hearing with the Department and argued that the February 2014 letter was not a petition for hearing.

[¶6.]    In November 2018, May filed a motion with the Department requesting a determination that the February 2014 letter constituted a valid petition for hearing.  The Department determined that ARSD 47:03:01:02 requires a petition to include all of the information listed in the rule, and it determined that the February 2014 letter failed to include all the rule's required information. Specifically, it noted that the letter did not clearly identify a specific injury for which May was seeking compensation, the time and place of a specific accident, the manner in which the accident occurred, the nature and extent of the disability, and that May's employer received proper notice of the injury.  The Department concluded that the February 2014 letter did not constitute a petition for hearing.

[¶7.]    May appealed the Department's decision to the circuit court.  The circuit court concluded that ARSD 47:03:01:02 is unambiguous, and therefore its only function was "to declare the meaning of the rule as clearly expressed."  It stated that a petition for hearing must include all the information listed in ARSD 47:03:01:02 and determined that the February 2014 letter failed to meet the rule's requirements because it did not state clearly the cause of action for which May sought the hearing, failed to specify the time, place, and manner of May's injuries,

and failed to describe the nature and extent of May's disability. The circuit court affirmed the Department's decision, and May appeals arguing that the circuit court erred in affirming the Department's decision that his February 2014 letter did not constitute a valid petition for hearing.

## Standard of Review

[¶8.] "The Supreme Court shall give the same deference to the findings of fact, conclusions of law, and final judgment of the circuit court as it does to other appeals from the circuit court." SDCL 1-26-37. When we review the underlying findings of the agency, "[t]he Department's factual findings and credibility determinations are reviewed under the clearly erroneous standard." *Wise v. Brooks Constr. Servs.*, 2006 S.D. 80, ¶ 16, 721 N.W.2d 461, 466 (citation omitted). "We will reverse those findings only if we are definitely and firmly convinced a mistake has been made." *Id.* (citation omitted). "[The] Department's conclusions of law are reviewed de novo. Mixed questions of law and fact are also fully reviewable." *Clausen v. N. Plains Recycling*, 2003 S.D. 63, ¶ 7, 663 N.W.2d 685, 687 (citations omitted).

## Analysis and Decision

[¶9.] May argues that the circuit court erred in concluding that his letter did not satisfy ARSD 47:03:01:02 because, in his view, the February 2014 letter "clearly and concisely describe[d] his disagreement with the denial of his ongoing disability claims as well as the denial of the medical expenses after the 2010 surgery." He acknowledges that his letter did not identify that the employer had proper notice and did not contain the exact dates of his work injuries. However, he claims that

requiring the inclusion of each specific piece of information listed in ARSD

47:03:01:02 runs contrary to the informal nature of South Dakota's workers'

compensation procedures. Further, he contends that to conclude otherwise would

result in the dismissal of claims based on mere technicalities.[4]

[¶10.]      "[P]roceedings under the Workmen's Compensation Law . . . are purely

statutory, and the rights of the parties and the manner of procedure under the law

must be determined by its provisions." *Capital Motors, LLC v. Schied*, 2003 S.D. 33,

¶ 15, 660 N.W.2d 242, 247 (citation omitted). Relevant here, SDCL 62-7-12

provides that if the employer and employee fail to reach a workers' compensation

agreement, either party may notify the Department and "request a hearing

according to rules promulgated pursuant to chapter 1-26" by the Department. The

Department exercised its rule-making authority by promulgating ARSD

47:03:01:01:01, which requires a "written petition for hearing[,]" and ARSD

47:03:01:02, which specifies the content of that written petition, as follows:

> The petition shall be in writing and need follow no specified
> form. It shall state clearly and concisely the cause of action for
> which hearing is sought, including the name of the claimant, the
> name of the employer, the name of the insurer, the time and
> place of accident, the manner in which the accident occurred, the
> fact that the employer had actual knowledge of the injury within
> 3 business days or that written notice of injury was served upon
> the employer, and the nature and extent of the disability of the
> employee. A general equitable request for an award shall

---

4.      May also argues that we should construe the letter liberally because he
submitted the letter as a pro se litigant. Even when a rule allows latitude to
pro se litigants as to form, they must nevertheless submit a letter containing
the information mandated by the rule. Furthermore, May had retained
counsel in April 2015, before the two-year statute of limitations for filing a
claim had expired. *See* SDCL 62-7-35 (requiring a petition challenging a
denial of coverage to be filed within two years of such notification).

> constitute a sufficient prayer for awarding compensation, interest on overdue compensation, and costs to the claimant. A letter which embodies the information required in this section is sufficient to constitute a petition for hearing.

[¶11.]     The Department determined the February 2014 letter did "not clearly identify a specific injury for which [May] is seeking compensation" and that the letter did not "state a time and place of a specific accident, the manner in which the accident occurred, the nature and extent of the disability, or that [May's] employer received proper notice of his injury." "In workers' compensation cases, we review both findings of fact and conclusions of law de novo when the Department's findings are based solely on documentary evidence presented to the Department, as was the case here." *LaPlante v. GGNSC Madison, S.D., LLC*, 2020 S.D. 13, ¶ 12, 941 N.W.2d 223, 227. We agree with the Department and the circuit court that the February 2014 letter did not contain sufficient information to constitute a petition for hearing.

[¶12.]     ARSD 47:03:01:02 begins by stating that the petition "need follow no specified form." Further, we have said that "workers' compensation administrative rules, like the statutes that the rules implement, are to be construed liberally in favor of the claimant." *LaPlante*, 2020 S.D. 13, ¶ 22, 941 N.W.2d at 230. However, even when construed liberally, May's letter fails to meet the content requirements of ARSD 47:03:01:02. We start by noting that May did not address his letter to the Department, but rather merely copied the Department on a letter addressed to Insurer. The letter failed to include even such basic information as the name of either of May's employers—Spearfish Pellet Company or Spearfish Forest Products. It also did not state where the injury to his left shoulder occurred, nor did it state

the time, location, or details describing his right shoulder injury. Finally, because May intertwined in the explanation of his disability a description of his other physical ailments, the letter cannot be read to identify "the nature and extent of [his] disability[.]" ARSD 47:03:01:02. May first discussed a heart problem, then a shoulder injury, returned to a heart problem, went back to shoulder issues, and finally discussed a myriad of health issues that allegedly resulted from his shoulder surgeries.

[¶13.]     Due to the stated inadequacies, the Department and the circuit court did not err by determining that the February 2014 letter was not a petition for hearing under ARSD 47:03:01:02. We affirm the circuit court's decision.

[¶14.]     JENSEN, Chief Justice, and KERN, SALTER, and DEVANEY, Justices, concur.